UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OVER THE RAINBOW, LLC,

       Plaintiff,

v.

THE WAYNE COUNTY TREASURER,

       Defendant.
_____/

Case No: 24-11583

Honorable Nancy G. Edmunds
Magistrate Judge Anthony Patti

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE WAYNE COUNTY AS DEFENDANT IN THE PLACE OF DEFENDANT WAYNE COUNTY TREASURER [10]**

This matter is before the Court on Plaintiff's motion to substitute Wayne County as a defendant in the place of Defendant Wayne County Treasurer. (ECF No. 10.) Defendant filed a response (ECF No. 13), and Plaintiff has filed a reply (ECF No. 15). For the reasons that follow, Plaintiff's motion is GRANTED.

**I.    Background**

Plaintiff filed this action on June 18, 2024, alleging the Michigan General Property Tax Act, MCL § 211.1 *et seq.* ("GPTA") violates the U.S. Constitution. (ECF No. 1.) Plaintiff named the Wayne County Treasurer as Defendant. Defendant moved to dismiss Plaintiff's claims with prejudice, arguing the Court lacks subject-matter jurisdiction over the Wayne County Treasurer (Eric Sabree) because he is entitled to sovereign immunity under the Eleventh Amendment and that Plaintiff's claims fail as a matter of law.[1] (ECF No. 7.) The parties appear to agree Treasurer Sabree is entitled to

---

[1] Defendant's motion to dismiss will be addressed in a later decision by the Court.

1

sovereign immunity and Wayne County should be substituted as a defendant in his place.[2] (ECF Nos. 10, PageID.79; 13, PageID.144.) They disagree, however, as to Defendant's request that Plaintiff's claims against Treasurer Sabree be dismissed with prejudice. (ECF No. 13, PageID.144.)

## II.    Analysis

Federal Rule of Civil Procedure 21 allows the Court "at any time, on just terms" to "add or drop a party." The Court finds just terms support adding Wayne County as a defendant and dropping Wayne County Treasurer Sabree as a defendant.

"Although the text does not explicitly say so, Eleventh Amendment immunity precludes suits brought against a State by its own citizens." *Stanley v. Western Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024). Federal courts lack subject-matter jurisdiction over defendants entitled to sovereign immunity under the Eleventh Amendment. *See id.* at 866 ("[t]he district court lacked subject-matter jurisdiction to adjudicate [plaintiff]'s ADA claims because [d]efendants are entitled to Eleventh Amendment immunity"). Defendant argues Plaintiff's claims against Defendant Sabree should be dismissed with prejudice, but Sixth Circuit cases "recognize that dismissals for lack of jurisdiction should generally be made without prejudice." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). The exception to this principle is to dismiss with prejudice as a sanction for misconduct, *see id.*, or "abuse of the legal process," *see Montano v. Grant*, 2021 U.S. App. LEXIS 31125, at *6 (6th Cir. Oct. 15, 2021). Defendant has not shown such misconduct or abuse is present here.

---

[2] Plaintiff does not expressly admit Treasurer Sabree is entitled to sovereign immunity, but does cite to *Bowles v. Sabree*, 2024 U.S. App. LEXIS 8879 (6th Cir. Apr. 10, 2024), also cited by Defendant in his motion to dismiss, in its motion to substitute. There, the Sixth Circuit reversed a district court's denial of sovereign immunity for Defendant Treasurer Sabree. *Id.* at *9.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion to substitute Wayne County as a defendant in place of the Wayne County Treasurer is GRANTED, and Plaintiff's claims against Defendant Wayne County Treasurer are DISMISSED WITHOUT PREJUDICE. The Court will construe all references to the Wayne County Treasurer as the defendant party in Plaintiff's complaint as references to Wayne County.

SO ORDERED.

                               s/ Nancy G. Edmunds
                               Nancy G. Edmunds
                               United States District Judge

Dated: November 21, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2024, by electronic and/or ordinary mail.

                               s/ Marlena Williams
                               Case Manager